1  VAN ALLYN GOODWIN, Bar No. 095170
   vgoodwin@littler.com
2  KHATEREH S. FAHIMI, Bar No. 252152
   sfahimi@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, California 92101.3577
   Telephone: 619.232.0441
5  Facsimile: 619.232.4302

6  Attorneys for Defendant
   COFFMAN SPECIALTIES, INC.
7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11 JOSE REFUGIO GONZALEZ           Case No.  '20CV1779 CAB AHG
   QUIROZ, individually and on behalf
12 of all others similarly situated,    [Removed from Case No. SDSC 37-
                                        2020-00022698-CU-OE-CTL]
13              Plaintiff,
                                        **NOTICE OF REMOVAL OF CIVIL**
14 v.                                   **ACTION BY DEFENDANT**
                                        **COFFMAN SPECIALTIES, INC.**
15 COFFMAN SPECIALTIES, INC., a
   California corporation; and DOES 1
16 through 50, inclusive,
17              Defendants.
18

19 TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20 SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS COUNSEL OF

21 RECORD:

22        PLEASE TAKE NOTICE that Defendant COFFMAN SPECIALTIES, INC.

23 ("Coffman" or "Defendant") file this Notice of Removal pursuant to 28 U.S.C. sections

24 1331, 1441(b) and 1446 to effect the removal of the above-captioned civil action, which

25 was commenced in the Superior Court of the State of California for the County of San

26 Diego ("Superior Court"). A true and correct copy of this Notice of Removal will be

27 filed contemporaneously with the Clerk of the Superior Court and provided to counsel

28 for Plaintiff in accordance with 28 U.S.C. § 1446(d). A true and correct copy of the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. _____

Notice to State Court and All Adverse Parties of Removal of Civil Action, without its accompanying exhibits is attached hereto as Exhibit C.

The removal of this civil action is proper for all of the reasons stated below.

## I.    STATEMENT OF JURISDICTION

1.    This civil action is removed pursuant to the procedures set forth in 28 U.S.C. sections 1441 and 1446, and jurisdiction is based on 28 U.S.C. section 1331 (the existence of a federal question).

## II.    VENUE

2.    This civil action was filed in the Superior Court of the State of California, for the County of San Diego. For removal purposes, the proper venue is the United States District Court for the Southern District of California, Central Division, pursuant to 28 U.S.C. sections 84(c)(3), 1391, 1441, and 1446.

## III.    PLEADINGS, PROCESSES, AND ORDERS.

3.    On July 1, 2020, Plaintiff JOSE REFUGIO GONZALEZ QUIROZ ("Plaintiff") filed a Complaint against Defendant in Superior Court entitled: *JOSE REFUGIO GONZALEZ QUIROZ, individually and on behalf of all others similarly situated vs. COFFMAN SPECIALTIES, INC., a California corporation; and DOES 1 through 50, inclusive,* bearing Case No. 37-2020-00022698-CU-OE-CTL (the "Complaint"). The Complaint asserts the following causes of action: (1) Failure to Pay Wages; (2) Failure to Provide Meal Periods or Compensation in Lieu Thereof; (3) Failure to Permit Rest Periods or Provide Compensation in Lieu Thereof; (4) Knowing and Intentional Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Pay Wages at Termination; (6) Failure to Reimburse Business Expenses; and (7) Violations of the Unfair Competition Law.

4.    On August 12, 2020, Defendant was served with a copy of the Summons and Complaint, along with copies of the Civil Case Cover Sheet, Alternative Dispute Resolution (ADR) Information sheet, and Alternative Dispute Resolution (ADR) Stipulation, by leaving it with Defendant's receptionist. True and correct copies of the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Notice of Removal                    2

Summons, Complaint, Civil Case Cover Sheet, Alternative Dispute Resolution (ADR) Information sheet, and Alternative Dispute Resolution (ADR) Stipulation served upon Defendant are attached hereto as Exhibit A, along with Plaintiff's Proof of Service of same on August 12, 2020.

5.    On August 31, 2020, Defendant received a non-conformed copy of the First Amended Complaint, which reasserts the seven causes of action in the Complaint and includes an eight cause of action under the California Labor Code Private Attorney Generals Act ("PAGA"), Cal. Lab. Code § 2698, *et. seq*.  A true and correct copy of the First Amended Complaint is attached hereto as Exhibit B.

6.    Pursuant to 28 U.S.C. § 1446(d), the Exhibits A and B constitute all of the pleadings, process and orders served on Defendant or filed with the Superior Court in this action.  Declaration Khatereh S. Fahimi, ¶5. To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed in the Superior Court or served by any party. *Id.*  To Defendant's knowledge, no proceedings have been heard in the Superior Court regarding this case. *Id.*

## IV.    TIMELINESS OF REMOVAL.

7.    A civil action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant within 30 days of service on defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).  Removal of this action is timely because this Notice of Removal has been filed within 30 days from August 12, 2020, when Defendant was served with the Summons and Complaint.  28 U.S.C. § 1446(b). Exhibit A.

## V.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

8.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Justin E. D.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Notice of Removal                    3

Daily, Reed Aljian and Shelly D. Song, 100 Bayview Circle, Suite 5500, Newport Beach, CA 92660 and Daniel J. Hyun (State Bar No. 309184) 1100 West Town and Country Road, Suite 1250 Orange, California 92868. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court.

## VI.   FEDERAL QUESTION JURISDICTION

9.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1331 because it arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

10.    The United States Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Supreme Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

11.    Plaintiff's Complaint and First Amended Complaint includes claims that require interpretation of a collective bargaining agreement ("CBA") and thus is completely preempted by federal law under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a); *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of a CBA, federal law preempts the use of state contract law in the interpretation and enforcement of a CBA.  *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Notice of Removal                                    4

12.    Further, all state law claims raised by a union-represented employee whose employment is covered by the terms and conditions of a CBA and require interpretation of a CBA must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985). The preemptive force of Section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . **and any state claim whose outcome depends on analysis of the terms of the agreement**." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) (emphasis added). *See also Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

13.    Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019); *Firestone*, 219 F.3d at 1066-67. This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause(s) of action. *Curtis*, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule'") (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). These principles apply equally to actions seeking civil penalties pursuant to the Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.* ("PAGA"). *Franco v. E-3 Sys.*, No. 19-cv-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) (denying motion to remand, and expressly rejecting Plaintiff's argument that Section 301 cannot preempt PAGA claims).

a.    <u>**Plaintiff's Employment Was Governed by a CBA.**</u>

14.    Coffman is a member of The Associated General Contractors of America San Diego Chapter, Inc. ("AGC"), a multi-employer trade association of construction

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Notice of Removal                    5

companies. Declaration of Jim Coffman ("Coffman Decl.") ¶2. Since at least 2007, Coffman has assigned its collective bargaining rights to the AGC and thereby agreed to be bound by the terms and conditions set forth in a CBA known as the Master Labor Agreement ("MLA") between the International Union of Operating Engineers, Local 12 (the "Union") and the AGC. *Id.*

15.    At all relevant times during his employment with Coffman, Plaintiff has been a member of the bargaining unit exclusively represented by the Union and covered by the MLA, which sets forth the terms and conditions governing Plaintiff's employment with Defendant.  Coffman Decl. ¶3.

16.    The Union is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. §§ 152(5) ("NLRA") and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

17.    The MLA governs the terms and condition of the employment of Plaintiff with Defendant and includes provisions relating to hours worked, wages and wage payment, meal periods, expenses, tools and equipment supplied by workers, all of which are the subject of Plaintiff's Complaint and First Amended Complaint.  Coffman Decl. ¶2; Ex. D, Article XIX, Parts A-I, K, M, O, P and U.

**b.    <u>Plaintiff's Failure to Reference the CBA or Section 301 in the Complaint Does Not Preclude Removal.</u>**

18.    The Complaint and First Amended Complaint omit the fact that Plaintiff was a member of the Union and that a CBA governed the terms and condition of his employment with Defendant. However, a plaintiff may not be permitted to "artfully plead" a complaint to conceal its true nature. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Notice of Removal                                6

19.    Thus, the fact that Plaintiff has not made any specific reference to a CBA or Section 301 in his Complaint and First Amended Complaint does not preclude removal. *See Milne Emp. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint and First Amended Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

20.    An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

21.    To determine whether a state law claim is preempted by Section 301, courts focus on "whether evaluation of [the state law claim] is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988) (application of state law preempted by Section 301 "if such application requires the interpretation of a collective bargaining agreement"). The United States Supreme Court has construed Section 301 "quite broadly to cover most state-law actions that require interpretation of labor agreements." *Associated Builders & Contractors, Inc. v. Local 302, IBEW*, 109 F.3d 1353, 1356-57 (9th Cir. 1997). "When resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim,

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Notice of Removal                                                    7

1    or dismissed as preempted by federal labor-contract law." *Lueck*, 471 U.S. at 220.

2        22.    The United States Supreme Court has also "construed § 301 of the

3    [LMRA] as not only preempting state law but also authorizing removal of actions that

4    sought relief only under state law." *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6-7 (2003)

5    (citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968)). This holding rests "on

6    the unusually 'powerful' pre-emptive force of § 301." *Id.* Thus, a civil action that arises

7    under Section 301 of the LMRA may be removed to federal court even if the plaintiff

8    has pleaded a claim for relief and sought a remedy available only under state law. *See*

9    *e.g. Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1067-68 (9th Cir. 2000).

10       **c.**    <u>**Resolving Plaintiff's Claims Requires Interpretation of the CBA.**</u>

11       23.    The Labor Code violations underlying the claims alleged in Plaintiff's

12   Complaint and First Amended Complaint are "founded directly on rights created by [a]

13   collective bargaining agreement[]" and/or are substantially dependent on an analysis

14   and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957

15   F.2d 1506, 1509 (9th Cir. 1991); *see also Caterpillar Inc.*, 482 U.S. at 394.

16       24.    To analyze Plaintiff's claims, the Court will necessarily need to interpret

17   the provisions of the CBA.  The Court cannot simply look to state law to resolve the

18   claims alleged in Plaintiff's Complaint and First Amended Complaint because they

19   cannot be adjudicated without interpretation of the provisions of the CBA that governed

20   Plaintiff's employment.

21       25.    Plaintiff's PAGA and "class claims" are based on alleged Labor Code

22   violations for failure to: (1) pay wages; (2) pay premium wages for missed meal periods;

23   (3) timely pay final pay; and (4) indemnify Plaintiff and other alleged aggrieved

24   employees for necessary expenditures as required by California Labor Code section

25   2802. Exhibit A, *see generally* Complaint and First Amended Complaint.

26       26.    The applicable CBA contains specific language governing hours worked,

27   wages and wage payment, meal periods, and tools and equipment. *See* Coffman Decl.

28   ¶2; Ex. D, Article XIX, Parts A-I, K, M, O, P and U. The CBA also provides for a

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Notice of Removal        8

grievance process and requires binding arbitration to resolve any disputes arising under the CBA (including PAGA claims).  Coffman Decl. ¶2; Ex. D, Article V and XIX, Part I. Resolving Plaintiff's claims will necessarily require the Court to interpret each of these provisions in the CBA.

27.    As an example, Plaintiff's state law claim based on Defendant's alleged failure to provide meal periods under California Labor Code sections 226.7 and 512, is preempted by Section 301 because the claim requires the Court to analyze and interpret the meal period provisions in the CBA.  California Labor Code section 512 provides that an employer "shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ." However, under California Labor Code section 512(e), this statutory meal period requirement is inapplicable if certain requirements are met, including where, as here, an employee is covered by a valid collective bargaining agreement, the employee is in the construction industry, and collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees.  By its terms, the meal period requirements set forth in Labor Code section 512 does not apply to an employee who is subject to a qualifying CBA. Accordingly, the statutory meal period requirements of Labor Code section 512 are waivable statutory rights that can be modified by a collective bargaining agreement.  The CBA must be interpreted to determine whether it satisfies the requirements under Labor Code section 512(e).  *See e.g., Firestone v. Southern California Gas Co.,* 219 F.3d 1063, 1066 (2000). Because the applicable CBA meets the requirements of the exemption provided by Labor Code section 512(a), Plaintiff's right to meal periods exists solely as a result of the CBA and is, therefore, preempted under Section 301. *See Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019).

28.    Similarly, Plaintiff's claims for overtime and rest periods are preempted by Section 301. Specifically, Labor Code section 514 states that the provisions in the Labor Code related to overtime do not apply to an employee covered by a valid

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. Wage Order 16 provides similar exceptions to rest break requirements and premium pay when an employee is covered by a valid collective bargaining agreement

29. Finally, with respect to Plaintiff's PAGA claim, Labor Code section 2699.6 provides that PAGA "shall not apply to an employee in the construction industry with respect to work performed under a valid collective bargaining agreement" that meet specific criteria. As such, Plaintiff's PAGA claims also requires the Court to analyze and interpret the provisions in the CBA.

30. All of Plaintiff's claims are, in essence, alleged violations of the CBA. Accordingly, the Court will necessarily have to interpret the grievance and arbitration provisions set forth in the CBA. *See* Coffman Decl. ¶2; Ex. D, Article V and XIX, Part I. Specifically, the Court must determine whether Plaintiff was required to exhaust the grievance procedures under the CBA, whether he did in fact exhaust those procedures, and whether the CBA provides for final and binding arbitration of some or all of his alleged claims. Each of these questions is reserved for federal courts under Section 301; indeed, Section 301 preemption aims to promote extra-judicial dispute resolution pursuant to the parties' agreed form of dispute resolution. *Curtis*, 913 F.3d at 1152 (observing "the labor arbitrator is usually the appropriate adjudicator for CBA disputes" and that "grievance and arbitration procedures provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process.") (internal citation omitted).

31. The applicable grievance procedure set forth in the CBA covers all "employee disputes concerning violations of, or arising under Wage Order 16 [other than contractual disputes] the California Labor Code sections identified in California Labor Code section 2699.5 as amended, the California Private Attorneys General Act

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Notice of Removal                    10

(Labor Code Section 2698, *et. seq.*), and federal, state and local law concerning wage-hour requirements, wage payment and meal or rest periods, including claims arising under the Fair Labor Standards Act." Coffman Decl. ¶2; Ex. D, Article XIX, Part I. Accordingly, any and all alleged violations of the California Labor Code are subject to the grievance and arbitration procedure in the CBA, which serves the underlying purposes of the Section 301. Thus, Plaintiff's claims may not be resolved without interpreting the provisions of the CBA.

32.    Plaintiff's claims are substantially dependent upon the interpretation of the terms and provisions of the applicable CBA. In fact, those terms and provisions govern all of the alleged claims and the subjects which form the basis for Plaintiff's Complaint and First Amended Complaint, and are thus essential to the resolution of Plaintiff's claims. Because the underlying Labor Code and state law violations arise under Section 301, removal to federal court is both proper and warranted.

## VII.    SUPPLEMENTAL JURISDICTION

33.    To the extent there are any alleged Labor Code or other state law violations that are not preempted by Section 301, any such claims based on those alleged violations are within the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) in that they are so related to the federal cause(s) of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111 at *17 (plaintiff's additional claims of failure to provide accurate wage statements, failure to timely pay all final wages and unfair competition came within the supplemental jurisdiction of the Court even if only tangentially involved with the CBA); *see also Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014) (recognizing that plaintiff's additional state law claims under California statutory and common law, including various provisions of the Labor Code and IWC Orders, all "derive from a common nucleus of operative fact" as plaintiff's meal period and overtime claims and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."). Thus, this action is

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Notice of Removal                11

1   removable in its entirety.

2   **VIII.      CONCLUSION**

3         34.    For all the foregoing reasons, this Court has original jurisdiction under 28

4   U.S.C. §§ 1331 and 1441(a) and removal is, therefore, proper and timely under 28

5   U.S.C. §§ 1441 and 1446.

6   Dated:  September 10, 2020              LITTLER MENDELSON, P.C.

7

8                                          By: s/ Khatereh S. Fahimi
                                               VAN ALLYN GOODWIN
9                                              KHATEREH S. FAHIMI

10                                         Attorneys for Defendant
                                           COFFMAN SPECIALTIES, INC.
11
    4827-1477-3191.2 057430.1012
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Notice of Removal                              12